IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEKIA ANDERSON and ASHLEY SIMS[1], | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. CIV-07-468-M |
| WINTCO, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

This case is scheduled for trial on the Court's March, 2008 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed January 2, 2008. On January 29, 2008, plaintiff filed her response, and on February 6, 2008, defendant filed its reply. Also before the Court is plaintiff's Motion to Strike Defendant's Exhibit One (1) and Six (6) of Its Motion for Summary Judgment as Inadmissible, filed January 30, 2008. On February 14, 2008, defendant filed its response, and on February 16, 2008, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff was employed by defendant at the Harrison Street Sonic Drive-In in Shawnee, Oklahoma as a carhop from June 9, 2005 until late August, 2005. Plaintiff alleges that while working as a carhop, she was subjected to a sexually hostile work environment by her supervisor, Dave Sharon. On April 20, 2007, plaintiff brought the instant action against defendant asserting

---

[1]On September 19, 2007, plaintiff Ashley Sims' claims against defendant were dismissed with prejudice. For purposes of this Order, the term "plaintiff" shall refer to Nekia Anderson.

causes of action for sexual harassment/sexually hostile work environment and retaliation. Defendant now moves for summary judgment in its favor.

II.     Motion to Strike

Plaintiff moves this Court, pursuant to Federal Rule of Evidence 412, to strike Exhibits 1 and 6 of defendant's motion for summary judgment. Because the Court did not consider these exhibits in determining that defendant was entitled to summary judgment, the Court finds that plaintiff's motion to strike should be denied as moot.

III.    Motion for Summary Judgment

A.      Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

    B.    <u>Discussion</u>

        1.    <u>Sexual harassment/sexually hostile work environment</u>

Defendant contends that it is entitled to summary judgment as to plaintiff's sexual harassment/sexually hostile work environment claim based upon the *Ellerth-Faragher* defense. In *Ellerth* and *Faragher*, the United States Supreme Court established the rules for employer liability when the harassing individual is a supervisor. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). The Supreme Court held:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, . . . . The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise. While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing any unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense. No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

*Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807-08.

Plaintiff asserts that the *Ellerth-Faragher* defense is not available in this case because her supervisor's harassment resulted in a tangible employment action.  Specifically, plaintiff contends that her supervisor subjected her to two separate tangible employment actions beginning in late July 2005: (1) on several occasions, her supervisor changed her morning hours to afternoon hours, denying her greater tips, and (2) her supervisor would reassign her one or two days a week to work the fountain for an entire shift, which did not earn tips.

"A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Ellerth*, 524 U.S. at 761.  Further, "[a] tangible employment decision requires an official act of the enterprise, a company act.  The decision in most cases is documented in official company records, and may be subject to review by higher level supervisors." *Id.* at 762.

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not submitted sufficient evidence to create a genuine issue of material fact as to whether her supervisor's alleged harassment resulted in a tangible employment action.  Specifically, the Court finds that the employment actions plaintiff relies upon – occasionally changing plaintiff's morning hours to afternoon hours and periodically assigning plaintiff to work the fountain station – do not rise to the level of tangible employment actions.  The Court finds that said employment actions did not cause a significant change in plaintiff's employment status or a significant change in her benefits.  Accordingly, the Court finds that the *Ellerth-Faragher* affirmative defense is available in this case.

Plaintiff further contends that defendant is not entitled to the *Ellerth-Faragher* affirmative defense because it unreasonably failed to prevent and correct promptly complaints of sexually harassing behavior. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has failed to submit sufficient evidence to create a genuine issue of material fact as to whether defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior. It is undisputed that defendant maintains an employee handbook which clearly outlines defendant's policies on sexual harassment and the appropriate procedures an employee is to take to report or complain about harassment. *See* Employee Handbook at 10-12, attached as Exhibit 3 to defendant's Motion for Summary Judgment. Further, plaintiff signed a form acknowledging her receipt of the employee handbook. *See* Employee Receipt, attached as Exhibit 4 to defendant's Motion for Summary Judgment. Additionally, plaintiff admitted in her deposition that she was aware of the harassment policy and that there were posters in the Sonic Drive-In regarding defendant's harassment policy. *See* Deposition of Nekia Anderson at 49-50.

Based upon the above, the Court finds that defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior. Further, plaintiff's assertion that defendant had not in the past adequately investigated other complaints of harassment is belied by the record, and what evidence plaintiff has submitted is not sufficient to create a genuine issue of material fact as to defendant's exercise of reasonable care to correct promptly any sexually harassing behavior. Additionally, the Court would note that because plaintiff failed to report the alleged sexual harassment by her supervisor, defendant was not given any opportunity to investigate her complaints, and this Court, therefore, has no way of determining how defendant would have

5

investigated the sexual harassment complaints and attempted to correct any sexually harassing behavior in the instant case. Accordingly, the Court finds that defendant has satisfied the first prong of the *Ellerth-Faragher* affirmative defense.

To satisfy the second prong of the *Ellerth-Faragher* affirmative defense, defendant must show that plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807. Additionally, a demonstration of a plaintiff's unreasonable failure to use an employer's complaint procedure will normally suffice to satisfy the employer's burden under the second prong. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807-08.

In the case at bar, it is undisputed that defendant had a complaint procedure in place for the reporting of sexual harassment. *See* Employee Handbook at 11 ("Reports or complaints of harassment should be submitted to your supervisor or manager, or to the company office to the attention of J.C. Winterringer or Rebecca E. Dolin, P.O. Box 1809, Shawnee, OK 74802-1809 (phone 405/275-0881 or 888-494-6286).") It is also undisputed that plaintiff did not report the alleged sexual harassment until after she terminated her employment with defendant. Plaintiff, however, contends that her failure to report the alleged sexual harassment was reasonable because she was afraid that she would lose her job.

> An employee has a duty under *Ellerth* to alert the employer to any allegedly hostile environment and "an employee's subjective fears of confrontation, unpleasantness [ ] or retaliation do not alleviate the employee's duty under *Ellerth* to alert the employer to the allegedly hostile environment."

*Williams v. Mo. Dep't of Mental Health*, 407 F.3d 972, 977 (8th Cir. 2005) (quoting *Shaw v. AutoZone, Inc.*, 180 F.3d 806, 813 (7th Cir. 1999)). Additionally,

> Every employee could say, as [plaintiff] does, that she did not report the harassment earlier for fear of losing her job or damaging her career prospects. As the First Circuit has explained, the Supreme Court undoubtedly realized as much when it designed the *Faragher-Ellerth* defense, but it nonetheless decided to require an employee to make the choice in favor of ending harassment if she wanted to impose vicarious liability on her employer. Were it otherwise, the *Faragher-Ellerth* defense would be largely optional with plaintiffs, and it would be essentially useless in furthering the important public policy of preventing sexual harassment.

*Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1307 (11th Cir. 2007) (citing *Reed v. MBNA Mktg. Sys., Inc.*, 333 F.3d 27, 35 (1st Cir. 2003)).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise. Specifically, the Court finds that plaintiff's asserted reason for her failure to report the alleged harassment was simply unreasonable for the reasons set forth by the First, Seventh, Eighth, and Eleventh Circuits. The Court, therefore, finds that defendant has satisfied the second prong of the *Ellerth-Faragher* affirmative defense.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's sexual harassment/sexually hostile work environment claim based upon the *Ellerth-Faragher* affirmative defense.

    2.    <u>Retaliation</u>

To establish a prima facie case of retaliation, plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) she was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000). "Protected opposition can range from filing formal charges to voicing informal complaints to superiors." *Hertz v. Luzenac Am., Inc.*, 370

F.3d 1014, 1015 (10th Cir. 2004). As set forth above, it is undisputed that plaintiff never complained of the alleged sexual harassment while working for defendant and never filed a formal complaint. Accordingly, having reviewed the parties' submissions, the Court finds that plaintiff cannot establish the first element of a prima facie case of retaliation – that she engaged in protected opposition to discrimination.

The Court, therefore, finds that defendant is entitled to summary judgment as to plaintiff's retaliation claim.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES AS MOOT plaintiff's Motion to Strike Defendant's Exhibit One (1) and Six (6) of Its Motion for Summary Judgment as Inadmissible [docket no. 29] and GRANTS defendant's Motion for Summary Judgment [docket no. 17].

**IT IS SO ORDERED this 4th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE